UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

**CISERO K. MURPHY, JR.,**                        :

               Plaintiff,         :

                                  :   **MEMORANDUM DECISION AND**
            - against -                 **ORDER**
                                  :

**TYRIEK A. MURPHY,**                              20-CV-2388 (AMD) (JRC)

               Defendant.         :

                                  :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On October 16, 2021, the plaintiff brought this action against his son, who is *pro se*,

asserting claims for copyright infringement, unjust enrichment, fraud, negligent

misrepresentation and conversion. (ECF No. 1.) On April 25, 2022, the defendant moved for

summary judgment. (ECF No. 19.) For the reasons that follow, the motion for summary

judgment is denied.

### BACKGROUND

In his complaint, the plaintiff alleges that he researched and wrote a biography of his

father, Cisero Murphy Sr., a professional pool player and the first African American to win

world and U.S. national billiards championships. (ECF No. 1 at 1.) The plaintiff claims that

before he "was able to publish or sell his father's biography, [the defendant] stole . . . the

manuscript out of [the plaintiff's] car. . . and then publish[ed] and [sold] the work as his own

creation." (*Id.*) On May 7, 2021, the defendant filed a "pre-answer motion to dismiss," in which

he denied the plaintiff's allegations, and asserted counterclaims for copyright infringement,

breach of contract and "harassment and defamation." (ECF No. 9.) The plaintiff, who was *pro*

*se* at that time, filed a "reply to the [d]efendant's answer" (ECF No. 10), and the defendant filed

a "reply to plaintiff respond [sic]." (ECF No. 13.)

The plaintiff eventually retained counsel.  On November 30, 2021, after a conference with the parties, I referred the case to the mediation program, and denied the motion to dismiss without prejudice to renewal if mediation was unsuccessful.  The parties reported on March 11, 2022 that mediation was unsuccessful.  That day, the defendant filed a motion for summary judgment.  (ECF No. 18.)

Local Rule 56.1 requires that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for denial of the motion."  I denied the motion for summary judgment and stated that "[t]he parties have not engaged in discovery, and the defendant's motion for summary judgment does not include the required Rule 56.1 statement."  (Apr. 19, 2022 Order.)  I also noted that the "motion's section titled 'Undisputed Facts for Summary Judgment' primarily contain[ed] legal conclusions."  (*Id.*)

Six days later, on April 25, 2022, the defendant filed an "amended motion for summary judgment," and a "statement of material facts;" like the first statement, the amended statement primarily consists of legal conclusions.  (ECF Nos. 19, 20.)  There has been no discovery in this case.

## DISCUSSION

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)).  "A dispute regarding a material fact is genuine 'if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"However, summary judgment should only be granted 'if *after discovery*, the nonmoving

party 'has failed to make a sufficient showing on an essential element of its case with respect to

which it has the burden of proof.'" *Id.* (alterations omitted) (emphasis in original) (quoting

*Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)); *see also Berger*, 87 F.3d at 65 (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The nonmoving party must have 'had the

opportunity to discover information that is essential to his opposition' to the motion for summary

judgment." *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)

(quoting *Anderson*, 477 U.S. at 250 n.5). "Only in the rarest of cases may summary judgment be

granted against a plaintiff who has not been afforded the opportunity to conduct discovery."

*Hellstrom*, 201 F.3d at 97; *see Fernandez v. City of New York*, No. 19-CV-4021, 2020 WL

4605238, at *4 (S.D.N.Y. Aug. 11, 2020) (granting the defendant's motion for summary

judgment before discovery because the unambiguous terms of a release barred the plaintiff's

claims).

The defendant claims that the plaintiff assigned to him by contract the rights to Cisero

Murphy Sr.'s biography.  (ECF No. 19 at 2.)  However, in the complaint, the plaintiff contests

the validity of the contract; he alleges that he signed a different agreement with the defendant,

and that the defendant "without [the plaintiff's] knowledge or permission, removed the signature

page from that . . . agreement and appended it to another agreement he had secretly drafted (the

'Forged Agreement')."  (ECF No. 1 ¶ 4.)  The defendant acknowledges this allegation but claims

that the plaintiff forged a document relating to the drafting of the manuscript.  (ECF No. 19 at 2

("Nonmovant produced a forged document that contended Movant gave him credit for writing

3

and naming the literary piece he stole, in which the false article had a copied and pasted

signature of Movant.").)  The parties have not engaged in any discovery.  Accordingly, the

motion for summary judgment is premature.  *See Casey v. Pallito*, No. 12-CV-284, 2013 WL

682809, at *2 (D. Vt. Jan. 30, 2013) ("In this case, discovery is not only incomplete; it has not

even commenced."), *report and recommendation adopted in part*, No. 12-CV-284, 2013 WL

682800 (D. Vt. Feb. 25, 2013).

## CONCLUSION

The motion for summary judgment is premature and is denied without prejudice.  *See*

*Hellstrom*, 201 F.3d at 97 (finding the grant of summary judgment premature where the plaintiff

"was prejudiced in his efforts to accumulate needed evidence because he was denied the

opportunity to conduct discovery"); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995)

(reversing summary judgment granted "before any discovery had taken place").


**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       May 3, 2022