UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
CISERO K. MURPHY, JR.,                                             :
                                                                   :
                Plaintiff,                          :
                                                                   :            *SUA SPONTE* REPORT &
    -against-                                                    :            RECOMMENDATION
                                                                   :
TYRIEK A. MURPHY,                                                  :            No. 20-CV-2388-HG-JRC
                                                                   :
                Defendant.                          :
------------------------------------------------------------------ x

JAMES R. CHO, United States Magistrate Judge:

       On May 27, 2020, Plaintiff Cisero K. Murphy, Jr. ("C. Murphy" or "Plaintiff") brought this action against his son, Defendant Tyriek A. Murphy ("T. Murphy" or "Defendant"), who is *pro se*, asserting claims for copyright infringement, unjust enrichment, fraud, negligent misrepresentation, and conversion.  *See* Compl. (Dkt. 1). Currently pending before this Court is Defendant's motion to dismiss.  Dkt. 22. Defendant moves to dismiss Plaintiff's copyright infringement claim on the grounds that Plaintiff failed to commence this action within the three-year statute of limitations period. Defendant asserts that he registered the allegedly infringing work with the U.S. Copyright Office on January 19, 2017; Plaintiff failed to commence this action within the three-year statute of limitations period or by January 19, 2020.  Plaintiff denies that he was aware of Defendant's infringing work on January 19, 2017, and, instead, claims he first became aware of the infringement no earlier than June 19, 2017.

       For the reasons set forth below, this Court respectfully recommends denying Defendant's motion to dismiss.

## Background

       In his Complaint, Plaintiff alleges that he researched and wrote a biography of his

father, Cisero Murphy Sr., a professional pool player and the first African American to win world and U.S. national billiards championships. *See* Compl. at ¶ 1. Plaintiff alleges that before he "was able to publish or sell his father's biography, [Defendant] stole . . . the manuscript out of [Plaintiff's] car. . . and then publish[ed] and [sold] the work as his own creation." *Id*. On January 19, 2017, Defendant submitted the allegedly stolen manuscript to the United States Copyright Office under the name: "Big City Nights: The Autobiography of The Legendary Cisero Murphy" (referred to as "Defendant's Big City Nights"). Dkt. 9 (Defense Opening Statement) at ECF page[1] 32.

Approximately five months later on June 15, 2017, Plaintiff registered for a copyright for his book, "Big City Knights: The Biography of Cisero 'Sonny' Murphy A World-Class Champion" (referred to as "Plaintiff's Big City Knights"). Compl. ¶ 13; Compl. Ex. B at ECF page 34. On or about June 19, 2017, Plaintiff allegedly first became aware of Defendant's infringement when Plaintiff was advised that Defendant intended to sell the infringing book. *See* Pl.'s Aff. (Dkt. 29) at ¶ 3; Compl. ¶¶ 75, 76; Compl. Ex. H at ECF page 136. Plaintiff, through counsel, sent Defendant a cease and desist letter. *See* Compl. ¶¶ 75, 76; Compl. Ex. H at ECF page 136. In response, on June 26, 2017, Defendant informed Plaintiff that Defendant's work had a similar, but different title, "Big City Nights: The Autobiography of the Legendary Cisero Murphy," and that Defendant had registered the work with the U.S. Copyright Office with Case No. 1-4356919061. *See* Compl. ¶ 78; Compl. Ex. I at ECF page 139; *see also* Compl. Ex. J at ECF page 142 (letter to Defendant dated July 5, 2017 acknowledging that Defendant

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

2

submitted a copyright application with the Copyright Office in Case No. 1-4356919061).

On May 27, 2020, Plaintiff, then *pro se*, commenced this action. *See* Compl. (Dkt. 1). On April 20, 2021, Defendant was served with the summons and complaint (Dkt. 8), and on May 7, 2021, Defendant filed a "pre-answer motion to dismiss," in which he denied Plaintiff's allegations, and asserted counterclaims for copyright infringement, breach of contract and "harassment and defamation." Dkt. 9 (Pre-Answer Motion to Dismiss). On June 8, 2021, Plaintiff, proceeding *pro se* at the time, filed a "reply to the Defendant's answer." Dkt. 10.

On September 7, 2021, Defendant filed a "reply to Plaintiff [response]." Dkt. 13. In his reply Defendant acknowledged that Plaintiff was *unaware* that in January 2017, Defendant had registered Defendant's manuscript with the U.S. Copyright Office. Dkt. 13 at ECF page 9, ¶ 11. Specifically, Defendant stated, as follows:

> Defendant protected his literary piece with the U.S. Copyright Office (see **Defense Exhibit C**). Plaintiff was unaware Defendant filed, Defendant's literary work officially and Plaintiff presumed Defendant literature was still unprotected, thus giving Plaintiff the eagerness to steal and fraudulently file Defendant's work as Plaintiff's own.

Dkt. 13 at ECF page 9, ¶ 11 (emphasis in original).

On September 21, 2021, Plaintiff filed a "response to the Defendant's reply to Plaintiff's [response]." Dkt. 14. Plaintiff thereafter retained counsel. Dkt. 17. On November 30, 2021, after a conference with the parties, the Court referred the case to the Court-annexed mediation program, and denied the motion to dismiss without prejudice to renewal if mediation failed. *See* Orders dated November 30, 2021.

On March 11, 2022, the parties reported that mediation had failed, and, that same day, Defendant filed a motion for summary judgment. *See* Dkt. entry dated March 11,

3

2022; Dkt. 18. On April 19, 2022, the Court denied the motion for summary judgment and stated that "[t]he parties have not engaged in discovery, and the defendant's motion for summary judgment does not include the required Rule 56.1 statement." *See* Order dated April 19, 2022.[2] The Court further noted that the "motion's section titled 'Undisputed Facts for Summary Judgment' primarily contain[ed] legal conclusions." *Id*.

On April 25, 2022, Defendant filed an "amended motion for summary judgment," and a "statement of material facts." Dkts. 19, 20. On May 3, 2022, the Court denied Defendant's second motion for summary judgment. *See* Mem. Decision and Order, Dkt. 21. The Court noted that the amended statement, like the first statement of material facts, primarily consisted of legal conclusions. *See id.* The Court again denied the motion as premature because the parties had not yet engaged in discovery. *See id.* After denying the second summary judgment motion, the Court ordered Defendant to move, answer or otherwise respond to the Complaint by June 2, 2022. *See* Scheduling Order dated May 3, 2022.

On May 11, 2022, Defendant filed a "Defense Answer Motion to Dismiss." Dkt. 22. Defendant styled the document as an answer with affirmative defenses and counterclaims. Dkt. 22. On June 8, 2022, Plaintiff filed a "reply to Defendant's counterclaims." Dkt. 23. On June 27, 2022, the undersigned held an Initial Conference with the parties and scheduled a settlement conference for July 29, 2022. *See* Minute Entry dated June 27, 2022. The settlement conference proved unsuccessful, and on July

---

[2] Local Rule 56.1 requires that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion."

4

29, 2022, the Court entered a discovery schedule. *See* Minute Entry dated July 29, 2022.

On August 9, 2022, in response to the Court's request for Defendant to clarify his May 11, 2022 submission, Defendant informed the Court that the "Defense Answer Motion to Dismiss" (Dkt. 22) was "meant primarily as a motion to dismiss . . . ." Dkt. 26 (Status of Motion to Dismiss). Defendant further stated in his August 9, 2022 letter, as follows:

> [T]he Plaintiff filed this civil action four (4) months after the three (3) [year] Statu[t]e of Limitations for civil lawsuits, under the U.S. Copyright Act, to be filed has expired. Plaintiff admitted on June 7th, 2021 [referring to Plaintiff's Reply to the Defendant's Answer dated June 7, 2021, Dkt. 10], he knew Defendant['s] work was copyrighted in January 2017, yet filed this frivolous lawsuit in May 2020. . . . Plaintiff['s] [Complaint] with copyright infringement at its core is time-barred, henceforth Defense Motion to Dismiss should be granted.

Dkt. 26 (Status of Motion to Dismiss).

On October 12, 2022, this Court informed the parties that it would construe Dkt. 22 as a "motion to dismiss." On November 17, 2022, Plaintiff opposed Defendant's motion (Dkt. 27-29), and on November 29, 2022, Defendant filed a reply in support of his motion (Dkt. 31). On December 15, 2022, the Court held oral argument on Defendant's motion. *See* Minute Entry dated December 15, 2022. For the reasons stated below, this Court respectfully recommends denying Defendant's motion to dismiss.

## Legal Standard

### A. Standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

5

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

"While a statute-of-limitations defense may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), such a motion should not be granted unless 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) (citation omitted)). When reviewing a motion to dismiss, the Court "must accept plaintiff's allegations at face value, [and] construe the allegations in the complaint in plaintiff's favor." *Rapf v. Suffolk County*, 755 F.2d 282, 290 (2d Cir. 1985) (citation omitted).

## Discussion

### A. The Limitations Period For Copyright Claims

The Copyright Act imposes a three-year limitations period for infringement

6

claims. *See* 17 U.S.C. § 507(b); *accord, e.g., Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1968-69 (2014) (quoting § 507(b)); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) ("Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'"). The Second Circuit follows the "discovery rule," under which "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos,* 748 F.3d at 124-25 & n.3 (collecting cases). A copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement. *See id.* at 125. "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Masi v. Moguldom Media Grp. LLC*, No. 18-cv-2402, 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) (citation omitted).

### B. Plaintiff's Claim Is Timely

Defendant seeks dismissal of Plaintiff's copyright infringement claim based on the applicable three-year statute of limitations period. *See* Dkt. 22 at ECF page 16, ¶ 38; Dkt. 26. Defendant argues that Plaintiff's copyright claim is time barred because Plaintiff commenced this action on May 27, 2020, four months after the expiration of the statute of limitations period on January 19, 2020. *See* Dkt. 22 at ECF page 16, ¶ 38 ("Whereas Plaintiff illegally filed Defendant copyrighted work as his own, despite being knowledgeable of Defendant's book being officially filed on January 19th, 2017 . . . . Plaintiff failed to commence this civil action within the three-year limitations period which would have been before January 2020. He initiated this civil action on May 27th, 2020."); Dkt. 26. At oral argument on December 15, 2022, Defendant clarified that his statute of limitations argument is based on two alleged admissions made by Plaintiff.

First, Defendant argues that Plaintiff "admitted on *June 7th, 2021*, he knew Defendant['s] work was copyrighted in *January 2017*, yet filed this frivolous lawsuit in May 2020." *See* Def.'s letter dated August 9, 2022 (Dkt. 26) (emphasis added). This purported admission appears in Plaintiff's "Reply to the Defendant's Answer" dated June 7, 2021 and filed the following day on June 8, 2021. Dkt. 10. The purported admission appears in paragraph 6(b) of Defendant's pleading. Paragraph 6 states, in relevant part, as follows:

> 6. With respect to paragraph number six of the defendant's Answer, the Plaintiff agrees in part and disagrees in part with the allegations made in paragraph number 6, of the Defendant's Answer.
>
>     a. The Plaintiff agrees that he -- not the defendant -- completed the hand written manuscript in the latter part of December of 2016.
>
>     b. The Plaintiff *acknowledge[s]* that his work was filed by the defendant on *January 19th, 2017*, the same day a copy was stolen out of the Plaintiff's car -- by the defendant.

[Plaintiff's] Reply to Def.'s Answer (Dkt. 10) at ECF page 3, ¶ 6 (emphasis added). Defendant argues that Plaintiff's acknowledgment in paragraph 6(b) confirms that Plaintiff was aware on *January 19, 2017* that Defendant had registered "Defendant's Big City Nights" with the U.S. Copyright Office. However, this acknowledgment does not establish when Plaintiff first became aware of the January 19, 2017 filing. In fact, Plaintiff argues he did not become aware of the January 2017 filing with the U.S. Copyright Office and the infringing work until on or about June 19, 2017. *See* Pl.'s Aff. (Dkt. 29) at ¶ 3; Compl. ¶¶ 75-78; Compl. Ex. H at ECF page 136; Compl. Ex. I at ECF page 139; *see also* Compl. Ex. J at ECF page 142 (letter to Defendant dated July 5, 2017 acknowledging that Defendant submitted a copyright application with the Copyright Office in Case No. 1-4356919061); Dkt. 9 at ECF page 32.

At oral argument, Defendant further informed the Court that he believed Plaintiff was aware on January 19, 2017 of Defendant's filing with the U.S. Copyright Office, based on a representation made in paragraph 10 of Plaintiff's affidavit filed in opposition to Defendant's motion to dismiss. Paragraph 10 of Plaintiff's affidavit states as follows:

> 10. On page 3, paragraph 6 of the Reply, I *admit the Defendant's allegation that he filed and obtained a copyright for the work on January 19, 2017.* The statement is absolutely true and I had obtained a record from the United States Copyright Office, which enabled me to make the admission. My admission to the plaintiff's pleading does not state when I obtained knowledge of the copyright, and certainly does not admit that I became aware of the copyright in January of 2017. I did not have knowledge of the copyright until June 24, 2017, when I received the Defendant's email in response to my attorney's cease and desist letter.

*See* Pl.'s Aff. (Dkt. 29) at ¶ 10.

As set forth in the affidavit, Plaintiff's assertion directly contradicts Defendant's claim that Plaintiff was aware of Defendant's filing with the U.S. Copyright Office on January 19, 2017. While publicly-available records from the U.S. Copyright Office confirm that Defendant registered the allegedly infringing document on January 19, 2017, Dkt. 9 at ECF page 32, as Plaintiff states in his affidavit he was not aware at that time that Defendant had applied for copyright protection. *See* Pl.'s Aff. (Dkt. 29) at ¶ 10. These two statements in the record -- the June 7, 2021 admission (Dkt. 10) and acknowledgment in paragraph 10 of Plaintiff's affidavit (Dkt. 29) -- do not support Defendant's claim that Plaintiff was aware of Defendant's alleged infringement on January 19, 2017.

Defendant cannot establish from the face of the Complaint that the allegedly infringing act occurred outside the limitations period such as to warrant dismissal of Plaintiff's claim. *See, e.g., Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)

9

("'Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar,' such as lack of timeliness, 'as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'"); *United States v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013) ("statute of limitations argument is an affirmative defense for which [the defendant] bears the burden of proof"); *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) ("'[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run.'").

Defendant cannot point to any allegation in the Complaint, nor is the Court aware of any such allegation in the Complaint, that Plaintiff was aware as of *January 19, 2017* that Defendant had registered "Defendant's Big City Nights" – the allegedly infringing work – with the U.S. Copyright Office. *See generally* Compl. Because this Court cannot determine from the face of the Complaint that the statute of limitations had run by the time Plaintiff had commenced this action, Defendant's motion to dismiss may be denied on this basis alone.

Notwithstanding Defendant's failure to identify any allegation on the face of the Complaint in support of his statute of limitations argument, Defendant impermissibly relies on evidence beyond the pleadings in his motion to dismiss. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (court may not consider documents outside the pleadings in deciding Rule 12(b)(6) motions to dismiss). On a Rule 12(b)(6) motion to dismiss, when matters outside the pleadings are included with the motion

papers, the court may treat the motion as one for summary judgment under Rule 56 (after providing notice and the opportunity to present supporting material), or disregard the additional material and decide the motion solely on the pleadings. *See* Fed. R. Civ. P. 12(b); *Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir. 1991). "Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is dissipated." *Cortec*, 949 F.2d at 48.

At the time Plaintiff filed his Complaint, Plaintiff was fully aware that Defendant had registered the allegedly infringing work with the U.S. Copyright Office on January 19, 2017. Prior to commencing this litigation, Plaintiff's attorneys had sent cease and desist letters to Defendant in connection with Defendant's anticipated sale of the allegedly infringing manuscript. In response to those letters, Defendant informed Plaintiff, through counsel, that Defendant had registered his own manuscript in January 2017. *See* Compl. ¶ 78; Compl. Ex. I at ECF page 139; *see also* Compl. Ex. J at ECF page 142 (letter to Defendant dated July 5, 2017 acknowledging that Defendant submitted a copyright application with the Copyright Office in Case No. 1-4356919061); Dkt. 9 at ECF page 32.

The parties do not dispute that Defendant registered a manuscript with the U.S. Copyright Office on January 19, 2017. *See* Dkt. 9 at ECF page 32. However, the parties dispute *when* Plaintiff first became aware of the allegedly infringing work. Defendant believes Plaintiff became aware of the January 2017 filing at that time based on the two alleged admissions made by Plaintiff, referenced above, in his Court filings.

Plaintiff's "acknowledgment" that Defendant registered the infringing document

11

with the U.S. Copyright Office on January 19, 2017 sheds no light on when Plaintiff knew or should have known of the purported copyright infringement that forms the basis of this action. Given that Defendant's motion was filed at the early stage of the proceedings before commencing discovery -- and especially considering that, Plaintiff's purported admissions are not probative of the statute of limitations issue -- there is no reason to convert the instant motion into a motion for summary judgment.[3] Further, the two documents outside the pleadings, upon which Defendant relies, are, in fact, Plaintiff's own documents. As a result, there are no concerns of notice to Plaintiff of the information contained in Defendant's motion papers requiring conversion of the motion to one for summary judgment.

In his opposition papers, Plaintiff explains that he first became aware of the alleged infringement on or about June 19, 2017. *See* Pl.'s Aff. (Dkt. 29) at ¶ 3. As discussed above, Defendant believes Plaintiff first became aware of the infringement on January 19, 2017. Based on this disputed fact, and given that on a motion to dismiss, the Court construes all facts in favor of the non-moving party, Defendant has failed to establish facts sufficient to demonstrate that Plaintiff's Complaint was untimely where, as here, Plaintiff commenced this action on May 27, 2020 – within the three-year statute of limitations period.

## Conclusion

For the reasons set forth above, this Court respectfully recommends denying

---

[3] The Court has previously denied without prejudice Defendant's two motions for summary judgment given that the parties had not yet engaged in discovery. *See* Order dated April 19, 2022; Mem. Decision and Order, Dkt. 21. Before commencing discovery, Plaintiff filed the instant motion to dismiss.

Defendant's motion to dismiss Plaintiff's copyright claim on statute of limitations grounds.

Any objections to the recommendations made in this Report must be filed with the Honorable Hector Gonzalez within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 14, 2023**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk's Office is directed to enter this Report and Recommendation into the ECF system and to serve a copy upon the *pro se* Defendant by first-class mail and FedEx.

**SO ORDERED**

Dated: Brooklyn, New York
       February 28, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge
