UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CISERO K. MURPHY, JR.,

           Plaintiff,

v.

TYRIEK A. MURPHY,

           Defendant.

**MEMORANDUM & ORDER**
20-CV-02388 (HG) (JRC)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff commenced this case by asserting a claim for copyright infringement, seeking a declaratory judgment confirming his ownership of certain copyrighted works, and asserting various state law claims. ECF No. 1. Defendant, who is representing himself *pro se*, filed an answer to Plaintiff's complaint, *see* ECF No. 22, and then later filed a letter addressed to the Court stating that his answer contained legal arguments that Defendant had intended to serve as the bases for a motion to dismiss, *see* ECF No. 26. Magistrate Judge James R. Cho has issued a report and recommendation (the "R&R") that construes Defendant's purported motion to dismiss as seeking to dismiss Plaintiff's copyright claims as barred by the statute of limitations. ECF No. 32. The R&R recommends that the Court deny that motion to dismiss because the alleged grounds for Defendant's statute of limitations defense do not appear unambiguously on the face of Plaintiff's complaint. *Id.*

    Plaintiff is represented by counsel, and his counsel therefore received an automatic notification that Judge Cho had published his R&R on February 28, 2023, the day it was published. Since Defendant is representing himself *pro se*, Judge Cho directed the Clerk of Court to send Defendant a copy of the R&R by both mail and overnight delivery, *see* ECF No. 32, and a member of Judge Cho's staff entered a notation on the docket confirming that the R&R

had been sent for delivery using both methods on March 1, 2023, *see* ECF Entry dated Mar. 1, 2023. Accordingly, Plaintiff was required to file any objections to the R&R by March 14, 2023, and Defendant was required to file any objections by March 20, 2023. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); Fed. R. Civ. P. 6(a)(1)(C) (deferring deadlines that fall on a Saturday or Sunday until "the next day that is not a Saturday, Sunday, or legal holiday"). No party has filed any objections to the R&R, and Defendant has demonstrated his continued ability to file documents with the Court by filing a letter requesting the Court's permission to move for summary judgment after the objection period expired. ECF No. 34.

The Court must review *de novo* the portions of a report and recommendation to which any party has objected. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). For any portions of a report and recommendation "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record in order to accept it." *Logan v. World Luxury Cars, Inc.*, No. 15-cv-248, 2023 WL 156878, at *1 (E.D.N.Y. Jan. 11, 2023).[1]

The Court has reviewed Judge Cho's well-reasoned R&R and concurs with its conclusion that Defendant has failed to meet his burden to demonstrate at the pleading stage that the statute of limitations bars Plaintiff's copyright claims because the parties' pleadings do not demonstrate when Plaintiff learned of Defendant's alleged infringement. *See Conn. Gen. Life Ins. Co. v.*

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

*BioHealth Labs, Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."); *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020) (holding that, according to the Second Circuit's "discovery rule," "an infringement claim does not accrue until the copyright holder discovers, or with due diligence should have discovered, the infringement").  Judge Cho certainly did not clearly err in reaching this conclusion.

## CONCLUSION

The Court adopts in full Judge Cho's R&R, *see* ECF No. 32, and denies Defendant's motion to dismiss Plaintiff's copyright claims as barred by the statute of limitations.  This ruling is without prejudice to Defendant attempting to prove, either through summary judgment or at trial, that the evidence developed during discovery demonstrates that Plaintiff's copyright claims are time-barred.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
       April 5, 2023